## State Employes in Reserve Services

Barco, Deputy Attorney General, January 30, 1940.— This department is in receipt of your communication of October 9, 1939, requesting advice on the interpretation of the Act of July 12, 1935, P. L. 677, 65 PS §114, which is as follows:

"Section 1. Be it enacted, &c., That all officers and employes of the Commonwealth of Pennsylvania, or of any political subdivision thereof, members, either enlisted or

commissioned, of any reserve component of the United States Army, Navy, or Marine Corps, *shall be entitled to leave of absence from their respective duties without loss of pay, time, or efficiency rating on all days not exceeding fifteen in any one year* during which they shall, as members of such reserve components, be engaged in the active service of the United States or in field training ordered or authorized by the Federal forces." (Italics supplied.)

You state that you specifically desire to be advised in respect to the following questions in the interpretation of this act:

1. Is the allowance of 15 days during any calendar year to be made without respect to the length of time of employment during that year?

In connection therewith, you submit the following example:

If an employe is ordered to active duty as a reserve officer in the Army, Navy, or Marine Corps on September 1st and remains on such duty after December 31st of the same year, is he to be paid for the 15 days, or are the 15 days to be reduced proportionately to the length of time he actually performed his duties as an employe of this board?

2. If, under the aforementioned conditions, the employe is entitled to pay for 15 days, and if the military duty extends into or beyond the next calendar year, is he to be paid for 15 days in each succeeding calendar year until the termination of his military service?

Due to the fact that the military service of the Pennsylvania National Guard and that of the Reserve Component of the United States Army, Navy, or Marine Corps are often confused as being one and the same service, we believe that an inquiry into the acts of the legislature controlling both services will be helpful in the solution of the problem before us.

Section 68 of the Pennsylvania National Guard Act of May 17, 1921, P. L. 869, 51 PS §95, provides as follows:

"All officers and employes of the Commonwealth of Pennsylvania, members of the Pennsylvania National Guard, shall be entitled to leave of absence from their respective duties, without loss of pay, time, or efficiency rating, on all days during which they shall, as members of the Pennsylvania National Guard, be engaged in the active service of the Commonwealth or in field training ordered or authorized under the provisions of this act."

This act was not repealed by The Administrative Code of April 9, 1929, P. L. 177. (See Informal Opinion No. 981.)

A study of these two acts readily reveals that they do not contain similar or overlapping provisions. In fact the two services, the National Guard and the "Reserve Component of the United States Army, Navy, or Marine Corps", are different. A study of the Pennsylvania National Guard Act, supra, reveals that there is *no limit to the number of days of leave of absence which a member of the National Guard may be allowed from the State service*, provided his National Guard service is (1) in the active service of the Commonwealth, or (2) in field training ordered or authorized under the provisions of this act.

It should be kept in mind, however, that paragraph 5 of memorandum no. 11, issued by the Adjutant General under date of May 11, 1938, and effective at the present time, provides that civil employes in the employ of the Commonwealth are entitled to either their military or civil pay, depending on which they choose to elect; providing, however, that they are entitled to only one pay unless the military service is rendered during their authorized vacation period, in which case the employe or employes would be entitled to both civil and military pay during such period.

The Act of July 12, 1935, P. L. 677, provides that all State officers and employes of this Commonwealth who are members of a Reserve Component of the United States Army, Navy, or Marine Corps are entitled to their leaves of absence from their respective duties as employes of

the Commonwealth without loss of pay, time, or efficiency rating on all days not exceeding 15 in any one year if they are engaged as members of such reserve components in (1) active service of the United States, or (2) field training ordered or authorized by the Federal forces.

We may shed some light on your problem by referring to the "Classification and Compensation System of Personnel Service" established by the Executive Board of the Commonwealth of Pennsylvania, effective as of September 1, 1933. Under part V, entitled "Rules and Regulations Relating to Extra Compensation, Leaves of Absences, and Office Hours", under the provisions of sections 215, 222, 709(c), and 709(d), of The Administrative Code of 1929, as set forth on page 129 under the heading "Special Absence From Duties", it is provided:

"B. Members of the Reserve Corps of the United States Army may be granted absence from duties with pay by the Executive Board during the length of time which the employe shall have been in training camp, except where the pay allotments by the Federal Government equal or exceed the pay which the State employe received for his State service, in which case the employe shall be granted absence from duties without pay."

Evidently the legislature intended, under the Act of July 12, 1935, P. L. 677, to include the Navy and Marine Reserve Components as well as the Army Reserve Corps, and limited the leaves of absence of the various reserve members to 15 days in any one year without loss of pay, time, or efficiency rating.

An interpretation of the act under consideration and section B of the rules and regulations, under the heading "Special Absence From Duty", leads to the conclusion that before the passage of the Act of 1935, supra, there was no limitation on the leaves of absence and that a member of the Army Reserve Corps would be entitled to leave of absence without loss of pay, excepting where the pay allotted by the Federal Government equalled or exceeded the pay which the employe received for his State service,

in which case the employe was entitled to be granted absence from State duties without pay.

However, the Act of July 12, 1935, P. L. 677, includes members of the Reserve Corps of the Army, Navy, and Marine Corps and provides for leaves of absence from the respective duties without loss of pay, time, or efficiency rating on all days not exceeding 15 days in any one year, if they are engaged as such members of a reserve corps in the active service of the United States or in field training ordered by the Federal Government.

In considering the problem at hand, we must not lose sight of the fact that our State has from long custom treated members of our military service with special consideration. Evidence of this can be found in the cases where the service men were given special consideration such as in matters of funeral expenses, rating under our civil service positions, etc.

We believe, therefore, that in these troubled times when our State and Nation are deeply concerned with the preparation of a proper and sufficient defense for the common welfare of their citizens, a liberal construction should be given to the act under consideration.

In Informal Opinion No. 1043, the rule is laid down in accordance with the law under section 222 of The Administrative Code of April 9, 1929, P. L. 177, and the ruling of the Executive Board (effective since August 1, 1933) in section (d) on page 125 of the "Classification and Compensation System of Personnel Service of Pennsylvania", that in the case of vacation with pay a State employe is entitled to one and one quarter days for each month of employment in all cases where an employe is employed less than a full year. In the case of a full year's employment, the vacation period allowable with pay is 15 days.

It is of particular significance that no such limitation appears to apply to the leaves of absence to which a member of the Reserve Corps of the United States Army, Navy, or Marine Corps is entitled. It is common knowl-

edge that reserve officers are required to undergo periodic training, or to report for active duty in time of National emergency, and evidently the legislature had this in mind when it enacted the law that a member of a Reserve Component of the Army, Navy, or Marine Corps would be entitled in any one year to 15 days' leave of absence without loss of pay, time, or efficiency rating.

In view of the fact that the 15-day period is generally spent by a member of a reserve corps in field training in better preparing himself for the discharge of his duties as a member of the Reserve Component of the Army, Navy, or Marine Corps, or in active service of the United States, all of which helps to provide for the common defense so necessary to the continued welfare of the people of this Commonwealth and of this Nation, we feel that a State officer or employe who is a member of the Army, Navy, or Marine Reserve Corps should be entitled to a full 15 days' leave of absence in a year without loss of pay, time, or efficiency rating in case he is ordered to active service as a member of such reserve corps, or ordered or authorized into field training by the Federal forces, regardless of the length of his employment with the State during the year when his services as a member of the reserve corps are rendered.

It is to be noted, however, that while members of the Reserve Component of the Army, Navy, or Marine Corps are "entitled to leave of absence from their respective duties without loss of pay, time, or efficiency rating on all days not exceeding fifteen in any one year", this is true only for those days during which they shall "as members of such reserve components, *be engaged in the active service of the United States or in field training ordered or authorized by the Federal forces.*" (Italics supplied.) We interpret this to mean that a State officer or employe, if he is engaged as a member of a Reserve Component of the Army, Navy, or Marine Corps, is entitled up to 15 days in any one year "without loss of pay, time, or efficiency rating". Naturally a State officer or employe is entitled to

his 15 days' leave of absence under the provisions of the act before us and under consideration only if he is engaged in the active service of the United States or in field training ordered or authorized by the Federal forces. Should he be engaged in such service for a period less than 15 days, then he is entitled only for those days he is so engaged not in excess of 15 in number in any one year.

By the same reasoning, it follows that if a State officer or employe as a member of a Reserve Component of the Army, Navy, or Marine Corps is not engaged in the active service of the United States or in field training ordered or authorized by the Federal forces in any one year, although he is such a member, he is not entitled to any leave of absence from his duties.

From our previous discussion, it follows that the answer to your second example cited to us for consideration must be guided by the same line of reasoning that we have applied heretofore. We are constrained to hold that, even if a State officer or employe is ordered into active service and does not render any service as a State officer or employe during a year or portion thereof, he is still entitled to a leave of absence without loss of pay, time, or efficiency rating on all days not exceeding 15 in one year.

We are of the opinion, and you are advised, that:

1. A State officer or employe who is a member of the Pennsylvania National Guard is entitled to a leave of absence from his duties without loss of pay, time, or efficiency rating on *all days* during which he shall be engaged in the active service of the Commonwealth or in field training ordered or authorized under the act applicable to such service.

2. A State officer or employe who is a member of a Reserve Component of the Army, Navy, or Marine Corps, and as such a member is engaged in the active service of the United States or in field training ordered or authorized by the Federal forces, is entitled to a leave of ab-

sence for each day of such service up to 15 days in any one year, without loss of pay, time, or efficiency rating regardless of the length of employment of the State employe during that year.

3. If a State officer or employe who is a member of such a reserve component renders his military service while on his regular vacation, he is entitled to both his pay as a State officer or employe and as a reserve officer, but if his pay received for services rendered as a reserve officer from the Federal Government, at any time other than during his regular vacation period, equals or exceeds his regular pay as a State employe, then he is not entitled to his State pay but merely to his 15 days' leave of absence in any one year.